UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:12-cr-00212-TWP-TAB-5 |
| | ) |
| THORNTON CARROLL, | ) |
| | ) |
| Defendant. | ) |

**ORDER DENYING MOTION FOR MODIFICATION**

This matter is before the Court on Defendant Thornton Carroll's ("Carroll") *pro se* letter

which the Clerk has docketed as a Motion for Modification of Supervised Release (Dkt. 427).

Carroll's supervised release has been revoked, and the Court believes he is actually requesting a

modification of his placement. Carroll asks the Court to (1) "immediately release [him] to a rehab

in-patient [program] or six to nine months [in a] halfway house" so that he "can save money to get

a car and a[n] apartment," (2) contact Bureau of Prisons (BOP) medical staff and "tell" them to

start him in the BOP "MAT program," (3) release him in exchange for a 30-day term of inpatient

drug treatment, (4) release him in view of the assistance he can provide, and (5) contact his BOP

case manager and "advise him" to place Carroll in halfway housing for six to nine months.  *Id*.

In support of his request, he argues that he has earned his GED, completed 500 hours of RDAP,

made great strides towards rehabilitation, and he has "a lot to offer." *Id*.   The Government and

U.S. Probation Officer both have responded in opposition to Carroll's request (*see* Dkts. 429, 437).

In April 2014, Carroll pled guilty to Possession with intent to distribute 50 grams of more

of actual methamphetamine and he was sentenced to 120 months imprisonment followed by five

years of supervised release. (Dkt. 228). Carroll began supervised release in October 2020, and

unfortunately, while under supervision he continued to use illegal substances, left his in-patient treatment program against the advice of staff in November 2022, and his whereabouts were unknown for approximately four months until he was found and taken into custody. At a violation hearing in April 2023, Carroll admitted to all violations. (Dkt. 417). The range of imprisonment applicable upon revocation of supervised release was 21 to 27 months' imprisonment. Upon consideration of the factors in 18 U.S.C. § 3553(a), Carroll was sentenced to 21 months' imprisonment with no supervision to follow. (Dkts. 418, 419, 420.) His expected release date is in October 2024.

In its response to Carroll's motion, the Government points out that Carrol has not identified any authority that would allow this Court to provide any of the relief he has requested. (Dkt. 437). To the extent Carroll is challenging BOP's decision-making, he may not do so here. Under 28 U.S.C. § 2241, Congress established "a mechanism for a federal inmate who is 'in custody' to challenge the execution of (rather than the imposition of) his sentence." See *United States v. Wolfe*, No. 1:15-CR-00169-TWP-DML, 2020 WL 2615010 at *4 (S.D. Ind. 2020) (citing *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998)). (Dkt. 437 at 2-3). As noted by the Government, Carroll's request for halfway housing and enrollment in the MAT program is not properly filed in a § 2241 petition in the district where he is confined.

Even if the Court had such authority, Carroll's motion would be denied. Carroll's performance while on supervised release showed a substantial disrespect for the law. The sentence imposed was appropriate considering the nature and circumstances of the violation, the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law and provide just punishment. Not only did Carroll repeatedly test positive for illegal substances,

but he absconded from in-patient treatment and his whereabouts were unknown for a period of time.   Carroll was subject to mandatory revocation by statute.   All treatment options and services were attempted and exhausted.   Moreover, the U.S. Probation Officers who supervised Carroll recommend that Carroll remain in the custody of the BOP, as his past behavior is indicative of a continued criminal lifestyle. (Dkt. 429.)

The Court agrees.   As provided by Congress, the BOP is in the best position to make halfway house and other placement determinations. *See* 18 U.S.C. § 3624(c)(1). In addition, the U.S. Probation Officer reports that currently the re-entry facility is at maximum capacity and is discouraging its use by probation for substance abuse non-compliance or sentence modifications. *Id*.   Because the current resources at the re-entry facility are limited, the Court agrees that they should be reserved for those who are eligible for them.

Carroll's recent efforts at rehabilitation are commendable and he should continue with those efforts while in custody.   The Court does not dispute Carroll's assertion that he has a lot to offer.   Carroll will not be under any supervision once he completes this executed sentence.   The full incarceration period will allow him to reflect on his past behaviors, take advantage of the available treatment services, and plan for his successful re-entry into the community.   Accordingly, the Motion for Modification, Dkt. [427] is **DENIED**.

**SO ORDERED.**

Date:  4/16/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

3

DISTRIBUTION:

Thornton Carroll, #11161-028
FEDERAL CORRECTIONAL INSTITUTE McDOWELL
P.O. Box 1009
Welch, West Virginia 24801

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE
brian.reitz@usdoj.gov

Colin Clark
UNITED STATES ATTORNEY'S OFFICE, APPELLATE SECTION
colin.clark@usdoj.gov